



UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § | |
| vs. | § § § | CRIMINAL NO.<br>6:16mj151-KNM |
| ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓, <br>MALIK ANTOINE BROWN, aka Leek,<br>▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓<br>Defendants | § § § § § | G 16 017 |

## CRIMINAL INDICTMENT

THE GRAND JURY CHARGES THAT:

**COUNT ONE**
**(Conspiracy to Commit Sex Trafficking)**

From on or about March 1, 2016, through May 31, 2016, in the Southern District of Texas and elsewhere,

▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓
**MALIK ANTOINE BROWN, aka Leek,**
▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

conspired and agreed with each other, and others known and unknown to the Grand Jury, to knowingly, in and affecting interstate and foreign commerce, recruit, entice, harbor, transport, provide, obtain and maintain by any means, and benefit financially and by receiving anything of value, from participation in a venture which recruited, enticed, harbored, transported, provided, obtained, and maintained by any means, any person, knowing and in reckless disregard for the fact that means of force, fraud, and coercion would be used to cause these persons to engage in

commercial sex acts and that the persons had not attained the age of 18 years and that the persons would be caused to engage in commercial sex acts.

**In violation of Title 18, United States Code, Sections 1594(c), 1591(a)(1), (a)(2), (b)(1) and (b)(2).**

## COUNT TWO
(Sex Trafficking)

From on or about May 1, 2016, through May 31, 2016, in the Southern District of Texas and elsewhere,

████████████████████████████

defendants herein, in and affecting interstate commerce, knowingly recruited, enticed, harbored, transported, provided, obtained, and maintained by any means a person, namely a minor female known as Minor Victim 1, who had attained the age of 14, but was under 18, and benefitted financially and by receiving anything of value from participation in a venture which has engaged in recruiting, enticing, harboring, transporting, providing, obtaining, and maintaining by any means Minor Victim 1, knowing and in reckless disregard of the fact that: (1) means of force, threats of force, fraud, and coercion, and any combination of such means, would be used to cause Minor Victim 1 to engage in a commercial sex act, and; (2) that Minor Victim 1 had not attained the age of 18 years and would be caused to engage in a commercial sex;

**In violation of Title 18, United States Code, Section 1591(a), (b)(1) and (2) and 2.**

## COUNT THREE
### (Sex Trafficking)

On or about May 1, 2016, through May 31, 2016, in the Southern District of Texas and elsewhere,

defendants herein, in and affecting interstate commerce, knowingly recruited, enticed, harbored, transported, provided, obtained, and maintained by any means a person, namely a minor female known as Minor Victim 2, who had attained the age of 14, but was under 18, knowing and in reckless disregard of the fact that Minor Victim 2 had not attained that age of 18 years and would be caused to engage in a commercial sex act, and benefitted financially and by receiving anything of value from participation in a venture which has engaged in recruiting, enticing, harboring, transporting, providing, obtaining, and maintaining by any means Minor Victim 2 knowing and in reckless disregard of the fact that Minor Victim 2 had not attained the age of 18 years and would be caused to engage in a commercial sex act.

**In violation of Title 18, United States Code, Section 1591(a), (b) and 2.**

## COUNT FOUR
### (Sex Trafficking)

From on or about May 1, 2016, through May 31, 2016, in the Southern District of Texas and elsewhere,



defendants herein, in and affecting interstate commerce, attempted to and knowingly recruited,

enticed, harbored, transported, provided, obtained, and maintained by any means a person, namely a minor female known as Minor Victim 3, who had attained the age of 14, but was under 18, and benefitted financially and by receiving anything of value from participation in a venture which has engaged in recruiting, enticing, harboring, transporting, providing, obtaining, and maintaining by any means Minor Victim 3, knowing and in reckless disregard of the fact that: (1) means of force, threats of force, fraud, and coercion, and any combination of such means, would be used to cause Minor Victim 3 to engage in a commercial sex act, and; (2) that Minor Victim 3 had not attained the age of 18 years and would be caused to engage in a commercial sex;

**In violation of Title 18, United States Code, Section 1591(a), (b)(1) and (2) and 2.**

## COUNT FIVE
### (Sex Trafficking)

On or about March 1, 2016, through May 31, 2016, in the Southern District of Texas and elsewhere,

**MALIK ANTOINE BROWN, aka Leek,**

defendants herein, in and affecting interstate commerce, knowingly recruited, enticed, harbored, transported, provided, obtained, and maintained by any means a person, namely a minor female known as Minor Victim 5, who had attained the age of 14, but was under 18, knowing and in reckless disregard of the fact that Minor Victim 5 had not attained that age of 18 years and would be caused to engage in a commercial sex act, and benefitted financially and by receiving anything of value from participation in a venture which has engaged in recruiting, enticing, harboring, transporting, providing, obtaining, and maintaining by any means Minor Victim 5 knowing and in

reckless disregard of the fact that Minor Victim 5 had not attained the age of 18 years and would be caused to engage in a commercial sex act.

**In violation of Title 18, United States Code, Section 1591(a), (b) and 2.**

## COUNT SIX
### (Sex Trafficking)

From on or about March 1, 2016, through May 31, 2016, in the Southern District of Texas and elsewhere,

[REDACTED]

defendants herein, in and affecting interstate commerce, attempted to and knowingly recruited, enticed, harbored, transported, provided, obtained, and maintained by any means a person, namely a minor female known as Minor Victim 6, who had attained the age of 14, but was under 18, and benefitted financially and by receiving anything of value from participation in a venture which has engaged in recruiting, enticing, harboring, transporting, providing, obtaining, and maintaining by any means Minor Victim 6, knowing and in reckless disregard of the fact that: (1) means of force, threats of force, fraud, and coercion, and any combination of such means, would be used to cause Minor Victim 6 to engage in a commercial sex act, and; (2) that Minor Victim 6 had not attained the age of 18 years and would be caused to engage in a commercial sex;

**In violation of Title 18, United States Code, Section 1591(a), (b)(1) and (2) and 2.**

## NOTICE OF FORFEITURE

(18 U.S.C. § 1594(d))

Pursuant to Title 18, United States Code, Section 1594(d), the United States gives notice to defendants,

**MALIK ANTOINE BROWN, aka Leek,**

that in the event of conviction of any of the offenses charged in Counts One through Six of this Indictment, the following property is subject to forfeiture:

(1) all real and personal property that was involved in, used, or intended to be used to commit or to facilitate the commission of such violation and all property traceable to such property; and

(2) all real and personal property constituting or derived from, proceeds obtained, directly or indirectly, as a result of such violation and all property traceable to such property.

### Property Subject to Forfeiture

Defendants are notified that the property subject to forfeiture includes, but is not limited to, the following property:

(1) A white Apple iPhone 6, IME 358371067359656, Serial # DNPP79P6G5MF

(2) Approximately $13,000.00 in U.S. currency

(3) A silver Apple iPhone 6 plus, IME 354453064635595, Serial # FK1PHF8LG5QG

**Money Judgment**

Defendants are notified that in the event of conviction, a money judgment may be imposed equal to the total value of the property subject to forfeiture.

**Substitute Assets**

Defendants are notified that in the event that property subject to forfeiture, as a result of any act or omission of defendants,

(A) cannot be located upon the exercise of due diligence;

(B) has been transferred or sold to, or deposited with, a third party;

(C) has been placed beyond the jurisdiction of the court;

(D) has been substantially diminished in value; or

(E) has been commingled with other property that cannot be divided without difficulty,

the United States will seek to forfeit any other property of the defendants up to the total value of the property subject to forfeiture pursuant to Title 21, United States Code, Section 853(p), as incorporated by reference in Title 28, United States Code, Section 2461(c).

A True Bill:

Original signature on File
Grand Jury Foreperson

KENNETH MAGIDSON
United States Attorney

By: _____
Sherri L. Zack
Assistant United States Attorney
713-567-9374